FILED 10 JUL 1 16:05us

FILED 10 JUL 1 16:06USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| KELLY D. PACE, | ) | |
| | ) | |
| Plaintiff, | ) | CV-09-6226-CL |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

CLARKE, Magistrate Judge:

## **INTRODUCTION**

Plaintiff Kelly Pace brings this action for judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision should be remanded in accordance with the opinion below.

## **BACKGROUND**

Pace was forty-eight years old at the time of the administrative hearing. Admin. Rec. 25. He has a high school education. *Id.* at 120. Pace served in the Air Force and worked as a mail carrier for seventeen years. *Id.* at 116, 375-376. He alleges onset date of disability from May 26,

1 - FINDINGS AND RECOMMENDATION

2007, due to degenerative disc disease of the lumbar spine, right hip labral tear, degenerative changes in the left shoulder, and anxiety. A hearing was held before an Administrative Law Judge (ALJ) on February 6, 2009, who issued an opinion on March 4, 2009. The ALJ found Pace satisfied the insured status requirements for a claim under Title II through December 31, 2011. *Id.* at 10. Pace must establish that he was disabled on or before that date to prevail on his DIB claim. 42 U.S.C. § 423(a)(1)(A). *See Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998).

The ALJ applied the sequential process described in 20 C.F.R. §404.1520 for determining whether a person over the age of 18 is disabled within the meaning of the Social Security Act. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). In the sequential steps of that process, the ALJ found that Pace has the medically severe impairments of severe degenerative disc disease of the lumbar spine, right hip labral tear, degenerative changes in the left shoulder, somatization disorder, and alcohol abuse. Admin. R. 12. The ALJ found that Pace did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app.1. *Id.* at 14.

The ALJ found Pace retained the residual functional capacity (RFC) to perform sedentary work except that he is limited in the following ways: to tasks consistent with unskilled work; no overhead reaching with the left arm; needs the option to sit or stand at will; no climbing ladders, ropes, scaffolds, and only occasional climbing of ramps or stairs; no kneeling, crouching, or crawling; no exposure to hazards that would require quick movements to avoid; and needs to use an assistive device in one hand for ambulating distances in excess of ten feet. *Id.* at 15-16.

The ALJ found that due to his functional limitations, Pace could not perform his past relevant work. *Id.* at 18. The ALJ solicited the testimony of a vocational expert (VE) who said

there were jobs in the national economy an individual with Pace's same age, education, past relevant work, and RFC could perform. *Id.* at 54-56. Based on the VE's testimony the ALJ found there were significant jobs in the national economy that Pace could perform and was therefore not disabled. *Id.* at 19.

## DISCUSSION

Pace challenges the ALJ's determination of his RFC by alleging errors in the ALJ's evaluation of credibility and by rejecting the opinions of Pace's physicians. He also asserts the ALJ erred by failing to include all of his limitations in the hypothetical questions to the vocational expert. In the alternative, Pace requests a remand under sentence six of 42 U.S.C. § 405(g) for consideration of new and material evidence. The court finds a sentence six remand appropriate to this case and does not rule on the substantive errors alleged.

## SENTENCE SIX REMAND

Pace requests a remand pursuant to 42 U.S.C. § 405(g), sentence six, for consideration of a decision by the Department of Veteran Affairs (VA) that he is disabled and unemployable. In order to prevail on a sentence six remand, Pace must demonstrate that the evidence is new and material. *Id., Mayes v. Massanari,* 262 F.3d 963 (9th Cir. 2001), as amended, 276 F.3d 453, 462-463 (9th Cir. 2001). He must also demonstrate there is good cause for failing to present the evidence earlier. *Id.*

The good cause requirement is met if there is new information that becomes available after the Commissioner's final decision and the claimant could not have obtained the new evidence at the time of the administrative proceedings. *Key v. Heckler,* 754 F.2d 1545, 1551 (9th Cir. 1985). The ALJ decision was issued on March 4, 2009. The Appeals Council denied a

request for review of the ALJ decision on June 18, 2009. The VA decision of disability was made on October 21, 2009. Pace had good cause for not submitting the VA decision as it was not available during any administrative proceedings.

In order for new evidence to be material, it must "bear directly and substantially on the matter in dispute." *Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir. 1982). The VA decision found Pace unable to secure or follow a substantially gainful occupation as of July 31, 2007. Pace alleges disability from May 26, 2007, so the VA decision covers the relevant time period for determining social security disability. The VA decision also discusses Pace's degenerative disc disease, degenerative changes in the hip, and shoulder problems, the severity of which are in dispute in this proceeding. *Mayes v. Massanari,* 276 F.3d at 462(new evidence that was not in dispute at the time of hearing is not material).

To meet the materiality standard, there must also be a "reasonable possibility" that the new evidence would change the outcome of the administrative hearing. *Booz v. Sec. of Health and Human Services*, 734 F.2d 1378, 1380-1381(9th Cir. 1984). In this case, the ALJ's strongest reason for discounting Pace's credibility was the lack of "any VA disability determination regarding his back, shoulder, or hip". Admin. R. 17. In addition, the new evidence is a VA disability determination. While this does not require the ALJ to reach a similar result, the "ALJ must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ may give less weight to a VA disability ruling by giving persuasive, specific and valid reasons which are supported by the record. *Id.* Pace has demonstrated that the VA decision is directly and substantially related to this matter and that there is a reasonable possibility it could change the outcome of the administrative decision. Pace

4 - FINDINGS AND RECOMMENDATION

has met the materiality requirements for a sentence six remand.

## **CONCLUSION**

This case is remanded under sentence six of 42 U.S.C. § 405(g), for the Commissioner to reconsider Pace's application in light of the new evidence from the VA.

## **SCHEDULING ORDER**

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Findings and Recommendation will be referred to a district judge.  *Objections to this Report and Recommendation, if any, are due by July 19, 2010.  If objections are filed, any response to the objections are due within 17 days of service of the objections, see Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _2̲0̲_ day of June, 2010.

MARK D. CLARKE
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION